United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTIONE L. BAILEY,               )<br>                                              )<br>            Petitioner,            )<br>                                              )<br>    v.                                      )<br>                                              )<br>WARDEN JAMES WALKER,   )<br>California State Prison-Solano, )<br>                                              )<br>            Respondent.           )<br>_____ ) | No. C 08-1149 MMC (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO FILE SIGNED AMENDED PETITION AND TO COMPLY WITH FILING FEE REQUIREMENTS** |

On February 27, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not signed his petition, however. Pursuant to Rule 11 of the Federal Rules of Civil Procedures, every pleading, written motion, or other paper filed in an action shall be signed by the party's attorney or, "if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a). An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the party. Id. Accordingly, the instant action will be dismissed with leave for petitioner to file a signed amended petition. Should he fail to do so, the petition will be stricken and the action will be dismissed without prejudice.

Additionally, before the petition may go forward, petitioner must comply with the court's filing-fee requirements. Specifically, on the same date petitioner filed his petition,

the Court notified petitioner in writing that the action was deficient due to petitioner's failure to pay the requisite filing fee or, instead, to submit a completed court-approved in forma pauperis ("IFP") application.  In said notice, petitioner was advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would result in dismissal of the action.  Along with said notice, petitioner was sent a copy of the court-approved prisoner's IFP application, instructions for completing it, and a return envelope.  More than thirty days after the Court's notice, the Court received a letter from petitioner in which he stated he would be filing his IFP application "very soon."  Thereafter, petitioner sent the Court a copy of his prisoner trust account statement, but did not submit a completed IFP application or an authorized Certificate of Funds in Prisoner's Account.  Accordingly, the instant action is subject to dismissal due to petitioner's failure to comply with the court's filing-fee requirements.  In light of the Court's dismissal with leave for petitioner to file a signed amended petition, however, the Court will provide petitioner one further opportunity to comply with the court's filing-fee requirements, either by paying the requisite filing fee in this matter or submitting a court-approved IFP application showing he is unable to pay the fee.  Petitioner's failure to do so will result in the dismissal of this action without prejudice.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The above-titled action is hereby DISMISSED with leave to file a signed amended petition within **thirty (30)** days of the date this order is filed.  Petitioner's amended petition shall be filed on the court's form for habeas petitions.  The amended petition must include the caption and civil case number used in this order (No. C 08-1149 MMC (PR)) and the words AMENDED PETITION on the first page.

**Petitioner must include in the amended petition all the claims he wishes to present, and he may not include any unexhausted claims or incorporate material from prior petitions by reference.  Failure to file an amended petition in conformity with this order shall result in the dismissal of this action without prejudice.**

2. Within **thirty (30)** days of the date this order is filed, petitioner shall either pay the $5.00 filing fee in this matter or submit a completed court-approved prisoner's IFP application. **Petitioner's failure to do so will result in the dismissal of this action without prejudice.**

3. The Clerk shall send petitioner the court's form for habeas petitions, attached to which is a court-approved prisoner's IFP application, and a return envelope.

IT IS SO ORDERED.

DATED: September 26, 2008

_____
MAXINE M. CHESNEY
United States District Judge

.