IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTIONE BAILEY, | ) No. C 08-1149 MMC (PR) |
| Petitioner, | ) **ORDER GRANTING RESPONDENT'S APPLICATION FOR LEAVE TO FILE OVERSIZED BRIEF; GRANTING PETITIONER'S REQUEST FOR EXTENSION OF TIME TO FILE TRAVERSE; DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| JAMES WALKER, Warden, | |
| Respondent. | |
| _____ | |

**(Docket Nos. 14, 15, 16, 18)**

On April 17, 2009, respondent filed, together with an answer to the petition, a twenty-nine page supporting memorandum of points and authorities. Good cause appearing, respondent's application, pursuant to Civil Local Rule 7-4(b), for leave to file an oversized brief in excess of twenty-five pages is hereby GRANTED. Additionally, petitioner's request for an extension of time to file a traverse to the answer to the petition is GRANTED. Petitioner shall file his traverse on or by **October 5, 2009**.

Petitioner has filed a motion for the appointment of counsel to assist him with the prosecution of the instant action. The motion was prepared on petitioner's behalf by a jailhouse lawyer, who writes that petitioner is mentally ill and taking medication that affects his ability to think clearly, and that his combined grade level for reading, math and language is 1.6.

The Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such

person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B).

Here, despite petitioner's intellectual challenges, petitioner's claims have been adequately presented in the petition. Moreover, the exhibits lodged by respondent in support of the answer, which exhibits include the briefs prepared by petitioner's state appellate counsel and filed in the California Court of Appeal and California Supreme Court, serve to illuminate the arguments in support of petitioner's claims, all of which were addressed thoroughly by counsel in the state court proceedings. Consequently, the interests of justice do not require appointment of counsel in the instant case at this time. Should the circumstances change materially at a later stage of the litigation, the Court will reconsider this decision sua sponte. Accordingly, the request for appointment of counsel is hereby DENIED.

This order terminates Docket Nos. 14, 15, 16, and 18.

IT IS SO ORDERED.

DATED: September 3, 2009

_____
MAXINE M. CHESNEY
United States District Judge